UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDIRIZACK NOOR ABDI,

               Petitioner,

    v.

PAMELA BONDI, *et al.*,

               Respondents.

Case No. C26-901-MLP

ORDER

Petitioner Abdirizack Noor Abdi, through counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that his detention by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, has become indefinite. He seeks immediate release and injunctive relief related to third-country removal and redetention. (Dkt. # 1.) Respondents filed a response (dkt. # 6), supported by an unsworn declaration from their counsel, Jordan C. Stevenson (dkt. # 8), and a sworn declaration from ICE Deportation Officer Gennadiy Baz (dkt. # 7). Petitioner filed a reply (dkt. # 9), supported by sworn declarations from his counsel, Alena Ivanov (dkt. # 10), and his cousin, Fadwa Dahir (dkt. # 11).

ORDER - 1

Having considered the parties' submissions, the record, and the governing law, the Court GRANTS in part the petition.[1]

## I.    BACKGROUND

Petitioner is a native and citizen of Somalia. On July 7, 2024, he entered the United States without being admitted or paroled, was apprehended by Customs and Border Protection, and was served with a Notice to Appear charging him as removable under Immigration and Nationality Act § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). (Baz Decl., ¶¶ 4-6.) He was initially released on an Order of Recognizance due to lack of bed space. (*Id.*, ¶ 7.)

On or about April 10, 2025, Petitioner was arrested by the Seattle Police Department on serious felony charges involving alleged sexual offenses against minors. (Baz Decl., ¶ 8.) On June 27, 2025, pursuant to a Warrant for Arrest of Alien (Form I-200), Petitioner was taken into immigration custody and transferred to NWIPC, where he has remained detained. (*Id.*, ¶¶ 9-11.) On August 1, 2025, an Immigration Judge ("IJ") ordered Petitioner removed from the United States but granted withholding of removal to Somalia. The Department of Homeland Security ("DHS") did not timely appeal, and the order became final. DHS therefore may not remove Petitioner to Somalia. (*Id.*, ¶ 12.)

Since entry of the removal order, ICE has pursued removal to a third country. In December 2025, Petitioner initially declined to identify any third country but later stated he would consider England, Australia, or Canada. (Baz Decl., ¶¶ 13-15.) ICE instructed Petitioner to contact potential receiving countries and document his efforts. Phone records reflect multiple calls to the Canadian embassy in February 2026. (*Id.*, ¶¶ 17-18.) In March 2026, Petitioner stated he would accept removal to Australia but provided no evidence of further efforts to contact any

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

ORDER - 2

country and refused to sign Form I-229a. (*Id.*, ¶¶ 19, 21.) A 90-day Post-Order Custody Review ("POCR") was initiated in January 2026, and an electronic POCR was submitted for headquarters review on March 11, 2026. (*Id.*, ¶¶ 16, 20.)

## II.     LEGAL STANDARDS

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.     DISCUSSION

### A.     Petitioner's Detention Has Become Indefinite

In *Zadvydas v. Davis*, the Supreme Court construed 8 U.S.C. § 1231(a)(6) to authorize post-removal-period detention only for the period reasonably necessary to effect removal. 533 U.S. at 689, 699. The Court adopted a presumption that detention up to six months after the removal order becomes final is reasonable when it is related to effectuating removal. *Id.* at 701. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If removal is not reasonably foreseeable, "continued detention is no longer authorized by statute." *Id.* at 699.

Petitioner is a noncitizen entitled to the protections of the Due Process Clause. *See Zadvydas*, 533 U.S. at 693. He has now been detained for approximately eight months since the IJ entered a final order of removal with withholding of removal to Somalia. (Baz Decl., ¶ 12.) His continued detention is therefore beyond the six-month period *Zadvydas* identifies as

ORDER - 3

"presumptively reasonable." 533 U.S. at 701. Petitioner has produced evidence that: (1) DHS is legally barred from removing him to Somalia; (2) ICE has not obtained or requested a travel document from any third country; and (3) no third country has agreed to accept him. (Dkt. ## 1 at 6-7, 18-19; 9 at 3.) This record "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

The burden therefore shifts to the government to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. Respondents, however, do not meaningfully address whether there is a significant likelihood of removal in the reasonably foreseeable future. (*See* dkt. # 6 at 10.) They identify no pending travel-document request, no agreement in principle with any third country, and no concrete removal plan. Accordingly, the government has not rebutted Petitioner's showing, and his detention has become effectively indefinite. The Court therefore grants the petition for writ of habeas corpus.[2] (Dkt. # 1.)

In rejecting Respondents' justifications for continued detention, the Court does not minimize the seriousness of the underlying criminal allegations. "[I]t simply concludes that under binding Circuit and Supreme Court precedent, they do not justify his indefinite detention." *Temahagari v. Bondi*, 2026 WL 353264, at *5 (W.D. Wash. Feb. 9, 2026) (reviewing noncitizen detention for purposes of community safety in the context of *Zadvydas*). "As other courts have observed, 'concerns about the safety of the community can be addressed through the conditions of supervision imposed on Petitioner upon his release.'" *Id.* (alteration marks omitted) (quoting *Vishal v. Chestnut*, 811 F. Supp. 3d 1179 (E.D. Cal. 2025)).

---

[2] Because the Court grants relief under *Zadvydas*, it does not reach Petitioner's second and third causes of action. (*See* dkt. # 1 at 19-21.)

ORDER - 4

**B.     Requests for Injunctive Relief**

Federal courts have "long recognized the existence of an implied cause of action through which plaintiffs may seek equitable relief to remedy a constitutional violation." *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020). To obtain a permanent injunction, a party must show "some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *Cummings v. Connell*, 316 F.3d 886, 897 (9th Cir. 2003) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)).

*1.     Third-Country Removal*

In addition to immediate release, Petitioner asks the Court to restrict Respondents' ability to remove him to a third country. (Dkt. # 1 at 22-26.) Although the petition contains legal argument challenging DHS's third-country removal practices in general, it does not explain why Petitioner himself faces a concrete, imminent risk of removal under the challenged policies at this time. (*Id.* at 14-18.) Nor does the petition address the requirements for permanent injunctive relief under *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008). Petitioner also acknowledges that "[i]nstead of taking their own actions to effectuate [his] removal, Respondent ICE has asked [him] to identify third countries to be removed to and to obtain travel documents for those countries." (Dkt. # 9 at 3.) On this record, the Court cannot conclude that, absent an injunction, Petitioner "faces a likelihood of removal to a third country with no meaningful opportunity to challenge that decision." *Nguyen v. Scott*, 796 F. Supp. 3d 703, 737 (W.D. Wash. 2025). Accordingly, the Court denies Petitioner's request for an injunction limiting third-country removal.

ORDER - 5

### 2. *Redetention*

Petitioner also asks the Court to order that the government may not redetain him unless it (1) first obtains a valid travel document to a third country; (2) provides that document to his counsel; (3) affords him an opportunity to challenge the third-country removal; and (4) gives him an opportunity to depart on his own within two months. (Dkt. # 1 at 25-26.) The record, however, does not contain sufficient legal authority or factual development to establish that the Due Process Clause will be violated in the absence of these specific, prospective procedures—particularly where any future effort to redetain Petitioner would be governed by the post-order custody regulations in 8 C.F.R. § 241.13. (*See* dkt. # 1 at 10-11 (acknowledging that § 241.13 governs revocation of release for noncitizens subject to a final order of removal).) The Court therefore denies these requests for injunctive relief.

## IV.   CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

(1)   Petitioner's petition for writ of habeas corpus (dkt. # 1) is GRANTED in part.

    a.   Within **twenty-four (24) hours**, Respondents shall return all belongings taken from Petitioner upon his detention in June 2025 and release Petitioner from immigration detention under conditions consistent with applicable statutory and regulatory authority; and

    b.   Within **two (2) business days**, Respondents shall file a status report with the Court confirming Petitioner's release.

(2)   Petitioner's request for permanent injunctive relief is DENIED without prejudice.

//

ORDER - 6

Dated this 8th day of April, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 7